## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS
625 Indiana Avenue, NW, Suite 900
Washington, DC 20004-2950
December 15, 2014

Mr. Daniel E. O'Toole, Clerk
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

                     RE:    FRED A. MITCHELL v. ROBERT A. MCDONALD
                                   OUR CASE NO. 13-1245

Dear Mr. O'Toole:

       Enclosed is a notice of appeal to your Court. It was filed by this Court on November 25, 2014. The judgment of this Court was entered on September 26, 2014. Copies of the judgment and docket in this case are also enclosed.

       A total of 60 days elapsed between judgment and filing of the appeal. Section 7292(a), Title 38, United States Code, requires that a notice of appeal of the decision of this Court be filed within the time prescribed for appeal to the United States courts of appeals from United States district courts, which is 60 days where the United States is a party.

                                                   Sincerely,

                                                   /s/ Gregory O. Block
                                                   GREGORY O. BLOCK
                                                   Clerk of the Court

Enclosure:
Appeal Information Sheet

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
## Appeal Information Sheet

From the United States Court of Appeals for Veterans Claims

Type of case: Appeal from Board of Veterans' Appeals decision

Docket number and Name of Case    NO: 13-1245

        FRED A. MITCHELL,        APPELLANT,

           V.

        ROBERT A. MCDONALD,
        SECRETARY OF VETERANS AFFAIRS,        APPELLEE.

Judgment date: September 26, 2014
Notice of Appeal date: November 25, 2014

Appellant is the veteran.
The CAVC Declaration of Financial Hardship was filed.
Cross or related appeal?  None.

Is this an appeal by U.S.?  No.
Is this matter under seal?  No.

Lead counsel at CAVC:
Sean A. Kendall, Esq.
P.O. Box N
Boulder, CO 80306-1876

Counsel for Secretary of Veterans Affairs:
Bryan W. Thompson, Esq.
Department of Veterans Affairs
Office of General Counsel (027)
810 Vermont Avenue, NW
Washington, D.C. 20420

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Anthony R. Wilson
Deputy Clerk
Date:  December 15, 2014

Attachments:

    Memorandum Decision
    Judgment
    Notice of Appeal
    Certified docket entries

## IN THE UNITED STATES COURT OF APPEALS

## FOR VETERANS CLAIMS

| | | |
|---|---|---|
| **FRED A. MITCHELL,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| v. | ) | CAVC No. 13-1245 |
| | ) | |
| **ROBERT A. McDONALD,** | ) | NOTICE OF APPEAL |
| **Secretary of Veterans Affairs,** | ) | |
| | ) | |
| **Appellee.** | ) | |

Notice is hereby given that Fred A. Mitchell, in the above-named case hereby appeals to the United States Court of Appeals for the Federal Circuit from the September 4, 2014 Memorandum Decision.

Dated: November 25, 2014.

                Respectfully submitted,

                /s/ Sean A. Kendall
                Sean A. Kendall, Esq.
                Box N
                Boulder CO  80306
                (303) 449-4773

# General Docket
## United States Court of Appeals for Veterans Claims

| | |
|---|---|
| **Case Number:** 13-1245<br>Fred A. Mitchell v. Robert A. McDonald<br>**Appeal From:** Department of Veteran Affairs<br>**Fee Status:** dfh | **Docketed:** 04/29/2013 |

**Case Type Information:**
  1) NOA - Veterans Appeal
  2) -
  3) -

---

Fred A. Mitchell
       Appellant

Sean A. Kendall, Esq., Attorney
Direct: 303-449-4773
[COR LD NTC]
Firm: 303-449-4773
P.O. Box N
Boulder, CO 80306-1876

Michael E. Wildhaber, Esq., Attorney
Direct: 202-299-1070
[COR NTC]
Firm: 202-299-1070
Veterans Law Attorney
700 12th Street, NW, Suite 700
Washington, DC 20005

v.

Robert A. McDonald, Secretary of Veterans Affairs
       Appellee

Bryan W. Thompson, Esq., Attorney
[COR LD NTC]
Firm: 202-632-5981
Department of Veterans Affairs, OGC (027)
810 Vermont Ave., NW
Washington, DC 20420

Amy S. Gordon, Esq., Attorney
[COR NTC]
Firm: 202-632-6934
Department of Veterans Affairs, OGC (027)
810 Vermont Ave., NW
Washington, DC 20420

OGC-ICM5, Non-Attorney
[COR NTC]
Department of Veterans Affairs, OGC (027)



|  |  |  |
|---|---|---|
|  |  | Firm: 202-632-6831<br>810 Vermont Avenue, N.W.<br>Washington, DC 20420<br><br>William L. Puchnick, Esq., Attorney<br>[COR NTC]<br>Firm: 202-632-6980<br>Department of Veterans Affairs, OGC (0927)<br>810 Vermont Ave., NW<br>Washington, DC 20420 |
| 04/29/2013 |  | Notice of Appeal (JC) |
| 04/29/2013 |  | Declaration of Financial Hardship (JC) |
| 05/01/2013 |  | Notice of Docketing for BVA's decision w/in 30 days; RBA w/in 60 days (JC) |
| 05/15/2013 |  | BVA Decision transmittal (O) |
| 05/15/2013 |  | Copy of BVA Decision (O) |
| 05/31/2013 |  | Appearance of Attorney(s) Timothy D Sirhal for party(s) Appellee Eric K. Shinseki, in case 13-1245 as lead counsel (TDS) |
| 06/17/2013 |  | Appearance of Attorney(s) Sean A Kendall for party(s) Appellant Fred A. Mitchell, in case 13-1245 as attorney (SAK) |
| 06/17/2013 |  | Fee Agreement (SAK) |
| 06/27/2013 |  | Record Before the Agency notice (O) |
| 07/15/2013 |  | Appearance of Attorney(s) Michael E Wildhaber for party(s) Appellant Fred A. Mitchell, in case 13-1245 as co-counsel (MEW) |
| 07/17/2013 |  | Notice to file Appellant's Brief w/in 60 days (AF) |
| 07/18/2013 |  | ORDERED that the Court will initiate a telephonic briefing conference on August 14, 2013, at 10:30 AM (ET). It will be conducted by Martha E. Fred, Esq., of the Court's Central Legal Staff (CLS), and this conference may be rescheduled by the Court only upon a showing of good cause. (AF) |
| 07/25/2013 |  | Appearance of Attorney(s) Amy S Gordon for party(s) Appellee Eric K. Shinseki, in case 13-1245 as co-counsel (ASG) |
| 07/29/2013 |  | Rule 33 Certificate of Service (MEW) |
| 08/14/2013 |  | Conference held _ (JMN) |
| 09/16/2013 |  | Mot of Appellant to extend time to file appellant brief. Requested date 10/16/2013. (MEW) |

| | | |
|---|---|---|
| 09/16/2013 | | Clerk's stamp ord granting appellant's motion to extend time to file appellant's brief until 10/16/13 (AF) |
| 10/16/2013 | 🗎 | Mot of Appellant to extend time to file appellant brief. Requested date 10/31/2013. (MEW) |
| 10/16/2013 | | Clerk's stamp ord granting appellant's motion to extend time to file appellant's brief until 10/31/13 (KEM) |
| 10/17/2013 | 🗎 | Appellant's Brief *Appellant's Brief* (MEW) |
| 10/22/2013 | 🗎 | Appearance of Attorney(s) Bryan W Thompson for party(s) Appellee Eric K. Shinseki, in case 13-1245 as lead counsel (BWT) |
| 12/11/2013 | 🗎 | Mot of Appellee to extend time to file appellee brief. Requested date 01/30/2014. (BWT) |
| 12/12/2013 | | Clerk's stamp ord granting motion to extend time to file appellee's brief until 1-30-2014 (PTD) |
| 01/30/2014 | 🗎 | Appellee's Brief *Mitchell; 13-1245* (BWT) |
| 02/14/2014 | 🗎 | Appellant's reply brief *Appellant's Reply Brief* (MEW) |
| 02/24/2014 | 🗎 | Appearance of Attorney(s) William L Puchnick for party(s) Appellee Eric K. Shinseki, in case 13-1245 as co-counsel (WLP) |
| 02/24/2014 | 🔒 | Record of Proceedings *(Mitchell)* (WLP) |
| 04/10/2014 | | Assigned case to Judge Pietsch (BMC) |
| 07/11/2014 | 🗎 | ORDERED that Judge Pietsch, to whom this case was assigned as a single judge, is replaced by Chief Judge Kasold. (KEM) |
| 09/04/2014 | 🗎 | Memorandum Decision that the BVA decision is affirmed (KASOLD) (ARW) |
| 09/26/2014 | 🗎 | Judgment (ARW) |
| 11/25/2014 | 🗎 | Appellant's Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (SAK) |
| 11/26/2014 | 🗎 | Mot of Appellant (Sean A. Kendall) to withdraw as counsel (SAK) |
| 12/09/2014 | 🗎 | ORDERED that the motion to withdraw as counsel is DISMISSED (KASOLD) (ARW) |
| 12/15/2014 | 🗎 | Appellant's Notice of Appeal transmitted to U.S. Court of Appeals for the Federal Circuit (ARW) |

*Designated for electronic publication only*

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 13-1245

FRED A. MITCHELL, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before KASOLD, *Chief Judge*.

**MEMORANDUM DECISION**

*Note: Pursuant to U.S. Vet. App. R. 30(a),
this action may not be cited as precedent.*

KASOLD, *Chief Judge*: Veteran Fred A. Mitchell appeals through counsel that part of a January 7, 2013, decision of the Board of Veterans' Appeals (Board) that denied an effective date earlier than February 22, 2007, for benefits for bilateral hearing loss. Mr. Mitchell argues that the Board (1) erred in finding that a 2003 regional office (RO) decision denying the reopening of his claim for benefits for bilateral hearing loss rendered final his previous underlying, unadjudicated claim for benefits, and (2) provided an inadequate statement of reasons or bases for its finding. The Secretary disputes Mr. Mitchell's arguments. Single-judge disposition is appropriate. *Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990). For the reasons stated below, that part of the Board decision on appeal will be affirmed.

Mr. Mitchell submitted a claim for benefits for hearing loss on August 16, 1973, which the RO denied in October 1973; that decision was not appealed. Mr. Mitchell sought to reopen his claim in 1999 but failed to pursue that claim such that it was abandoned. In 2003, he again tried to reopen his claim, but it was denied, not appealed, and became final. In 2007, Mr. Mitchell again sought to reopen his claim for benefits for hearing loss and it again was denied. He appealed that decision and ultimately was awarded benefits for his hearing loss, effective the date of his 2007 claim to reopen. As noted above, in the decision on appeal, the Board denied an earlier effective date.

There is no dispute that (1) Mr. Mitchell submitted an audiological report to the RO in December 1973, and (2) the RO did not act on that evidence, such that his 1973 claim remained pending at that time. *See Young v. Shinseki*, 22 Vet.App. 461, 468 (2009) (noting that when a claimant submits new and material evidence within the one-year appeal period after a rating decision is issued, the RO must readjudicate the claim, and any failure to do so may render the claim pending and unadjudicated); *Ingram v. Nicholson*, 21 Vet.App. 232, 240 (2007) (per curiam) (noting "a claim remains pending–even for years–if the Secretary fails to act on a claim before him"). There also is no dispute that Mr. Mitchell's abandonment of his 1999 request to reopen did not render final the 1973 claim. *See Charles v. Shinseki*, 587 F.3d 1318, 1323 (Fed. Cir. 2009) (holding that abandoning a subsequent claim does not render final a prior, pending claim for the same benefits). In the Board decision on appeal, however, the Board found that denial of the 2003 request to reopen served to put Mr. Mitchell on notice that his underlying, unadjudicated claim for benefits for hearing loss had been denied. Because Mr. Mitchell did not appeal that decision, the Board found that the 2003 request to reopen and the unadjudicated 1973 claim for benefits for hearing loss both became final.

In support of his first argument, Mr. Mitchell contends that because the 2003 RO decision was a request to reopen and reopening was denied without a decision on the merits, the Board erred in finding that the denial to reopen and failure to appeal also resulted in finality of the unadjudicated 1973 claim. However, the Court in *Juarez v. Peake*, 21 Vet.App. 537 (2008), held that the denial of a request to reopen a claim for benefits for a disability put the claimant on notice that an earlier, unadjudicated claim for benefits for the same disability also was denied, and the failure to appeal the denial of the request to reopen rendered final both the request to reopen and the underlying, unadudicated claim.

Although Mr. Mitchell contends that *Juarez* was overruled by *Charles*, *supra* – which concluded that an abandoned claim did not render an earlier unadjudicated claim final – he fails to appreciate that the *Charles* holding is limited specifically to claims that were deemed abandoned; *Charles* did not purport to overrule the holding in *Juarez*. Mr. Mitchell also contends that *Juarez* was overruled by *Williams v. Peake*, 521 F.3d 1348 (Fed. Cir. 2008) because, he contends, *Williams* requires a later claim to be identical to an earlier unadjudicated claim for finality of the later claim

to render finality in the earlier unadjudicated claim. *Williams*, however, did not involve or address whether finality of a denial of a request to reopen a claim for benefits for a disability may render final an underlying, unadjudicated claim for benefits for the same disability. Moreover, the rationale in *Williams* is the same as the rationale in *Juarez*; i.e., the decision to deny reopening a claim for benefits for a particular disability put a reasonable person on notice that an unadjudicated claim for the same disability also was denied.

Here, read as a whole, *Janssen v. Principi*, 15 Vet.App. 370, 379 (2001) (per curiam) (rendering decision on the Board's statement of reasons or bases "as a whole"), the Board found that the denial of Mr. Mitchell's request to reopen his claim for benefits for hearing loss put him on notice that his underlying claim for benefits for hearing loss was denied. His failure to appeal that reopening decision rendered final the reopening decision and the underlying, unadjudicated claim for the same benefits. *See Juarez*, *supra*; *see also Beraud v. Shinseki*, 26 Vet.App. 313, 318-19 (2013) (citing *Juarez* as a controlling precedential opinion). In sum, Mr. Mitchell fails to demonstrate Board error. *See Hilkert v. West*, 12 Vet.App. 145, 151 (1999) (en banc) (appellant bears burden of demonstrating error on appeal), *aff'd per curiam*, 232 F.3d 908 (Fed. Cir. 2000) (table).

Also in support of his first argument, Mr. Mitchell contends that the 2003 RO decision could not have been made on the merits because it required him to submit new and material evidence. This contention, however, is misplaced because *Juarez* already has held that the decision to deny reopening a claim for benefits for a particular disability is sufficient to put a reasonable person on notice that any underlying, unadjudicated claim for benefits for the same disability also is denied. *Juarez*, *supra*. Mr. Mitchell further contends that the 2003 RO did not consider the 1973 examination report he had submitted back in 1973. Because the 2003 RO decision became final, however, any collateral attack must first must be presented to the RO. *See Cook v. Principi*, 318 F.3d 1334, 1337 (Fed. Cir. 2002) (en banc) (noting the only statutory exceptions to the finality of VA decisions are when new and material evidence is submitted and on the grounds of clear and unmistakable error); *DiCarlo v. Nicholson*, 20 Vet.App. 52, 57 (2006) ("Furthermore, the conclusion that a prior decision is final is not a conclusion that the prior decision is correct, which can be rebutted by a showing of error in the prior decision. Although a final decision enjoys a presumption

of correctness, finality and correctness are different concepts."), *aff'd sub nom. DiCarlo v. Peake*, 280 F. App'x 988 (Fed. Cir. 2008).

In support of his second argument, Mr. Mitchell contends that the Board provided no explanation for its conclusion that the 1973 and 2003 claims were "the same in substance." Appellant's Brief at 19 (citing Record at 10). Read as a whole, *Janssen*, *supra*, however, and contrary to Mr. Mitchell's assertions, the Board noted that Mr. Mitchell filed for benefits for hearing loss in 1973 and sought to reopen that very claim in 2003, and found that a reasonable person receiving the 2003 RO decision would understand that his claim for benefits for hearing loss had been denied. Because Mr. Mitchell had such notice and did not appeal the 2003 RO decision, both the request to reopen and the underlying, unadjudicated claim became final. *Juarez*, *supra*. In sum, the Board's finding that the claims were "the same in substance" is supported by the record and its statement is understandable and facilitative of judicial review. *Allday v. Brown*, 7 Vet.App. 517, 527 (1995) (holding that the Board's statement "must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court").

Upon consideration of the foregoing, that part of the January 7, 2013, Board decision denying an effective date earlier than February 22, 2007, for disability compensation for bilateral hearing loss is AFFIRMED.

DATED: September 4, 2014
Copies to:
Sean A. Kendall, Esq.
VA General Counsel (027)

*Not Published*

UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

NO: 13-1245

FRED A. MITCHELL, APPELLANT,

V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

**JUDGMENT**

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: September 26, 2014

FOR THE COURT:

GREGORY O. BLOCK
Clerk of the Court

By: /s/ Anthony R. Wilson
Deputy Clerk

Copies to:

Sean A. Kendall, Esq.

VA General Counsel (027)